Dated: 09/22/09

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 308-01353-MH3-7 |
| JAY SHERMAN WOOSLEY, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) |
| KIMBERLY M. WOOSLEY, | ) ADV. NO. 308-0204A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAY SHERMAN WOOSLEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

___

## MEMORANDUM OPINION
___

This matter is before the Court upon the debtor's motion for certification of an interlocutory order. Specifically, the debtor requests that: (1) the judgment in this adversary proceeding be set out in a separate document pursuant to Fed. R. Civ. P. 58(a); and (2) a supplemental order be entered by this Court with respect to the Partial Summary Judgment to include and be supported by a finding that there is no just reason for delay with respect

to the entry of the same pursuant to Fed. R. Civ. P. 54(b), or, in the alternative, (3) an order be entered either dismissing the plaintiff's remaining claims or setting the remaining issues for trial. The plaintiff opposes the relief requested. For the following reasons, the Court finds that the debtor's motion should be granted.

## I. **BACKGROUND**

After hearing cross-motions for summary judgment, the Court issued a telephonic ruling on March 30, 2009. The Court instructed counsel for the plaintiff to prepare an order incorporating the Court's findings on the cross-motions for summary judgment. When asked, the Court indicated that counsel could prepare either one or two documents.

Prior to the order being submitted, the debtor filed a Motion to Dismiss on April 27, 2009, asking the Court to dismiss all grounds for relief in the Complaint other than 11 U.S.C. § 523(a)(15), including 11 U.S.C. §§ 523(a)(2)(A), 523(a)(5), and 727. After a hearing on May 19, 2009, the Court denied the motion. The next day, counsel for the plaintiff sent counsel for the debtor a revised draft of the Memorandum Opinion and Judgment granting partial summary judgment to the plaintiff. Counsel for the debtor responded that "I have no thoughts to offer on the Memorandum Opinion," so the plaintiff submitted the Memorandum Opinion and Judgment on Cross-Motions for Partial Summary Judgment. Later during the day, the debtor filed a motion to set the remaining matters for trial. This motion was denied on July 8, 2009, after another hearing.

2 - U.S. Bankruptcy Court, M.D. Tenn.

The Court entered the Memorandum Opinion and Judgment on May 28, 2009.[1] On July 15, 2009, the debtor filed this motion for certification of an interlocutory appeal, as well as a notice of appeal. In his pleadings, the debtor asserts that until the order denying the motion to set a trial date was entered, he had "no indication whatsoever that the Bankruptcy Court considered the Partial Summary Judgment to be a final judgment under Rule 54."

## II. DISCUSSION

### A. SEPARATE DOCUMENT RULE

Initially, the debtor requests that the judgment in this adversary proceeding be set out in a separate document as required by Fed. R. Civ. P. 58(a), as incorporated by Fed. R. Bankr. P. 9021. In response, the plaintiff argues that the debtor waived this requirement by his actions.

Except under certain circumstances, which are not applicable here, Rule 9021 requires a separate document for every judgment entered in an adversary proceeding or contested matter. In the present case, a separate judgment was not entered. While the separate document requirement may be waived to allow an appeal to go forward, "'such waiver cannot be used to defeat appellate jurisdiction.'" ***Clymore v. U.S.,*** 415 F.3d 1113, 1117 (10th Cir. 2005) (quoting ***Allison v. Bank-Denver***, 289 F.3d 1223, 1232 (10th Cir. 2002)).

---

[1] On May 19, 2009, the Court entered an Agreed Judgment of Nondischargeability of the debtor's obligations under the Parenting Plan.

3 - U.S. Bankruptcy Court, M.D. Tenn.

In the present case, a separate judgment was not necessarily required because the Court did not resolve all claims raised in the adversary proceeding, and thus, it was not an "order from which an appeal lies" without a finding that there is no just reason for delay. *See* Fed. R. Civ. P. 54, as incorporated by Fed. R. Bankr. P. 7054. Thus, the Court must consider now whether an interlocutory appeal should be certified.[2]

## B. CERTIFICATION OF INTERLOCUTORY APPEAL

Rule 54(b) states that a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." First, the Court must determine whether this is a final judgment as to an individual claim in a multiple claim case, and second, the Court must determine whether there is no just reason for delay. **Curtiss-Wright Corp. v. Gen. Elec. Co.,** 446 U.S. 1, 3 (1980).

### 1. FINAL JUDGMENT

Under Rule 56(b), a "final judgment" consists of a "cognizable claim for relief" that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" **Curtiss-Wright Corp. v. Gen. Elec. Co.,** 446 U.S. at 7 (citation omitted). The

---

[2]The Court notes that debtor's counsel could have avoided the extended procedural litigation if he had simply filed a motion requesting certification rather than the motion to dismiss the other claims and the motion to set the other claims for trial.

Sixth Circuit has said that "the concept of a 'claim' under Rule 54(b) denotes the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" ***Gen. Acquisition, Inc. v. GenCorp, Inc.,*** 23 F.3d 1022, 1028 (6th Cir. 1994) (citing ***McIntyre v. First Nat'l Bank of Cincinnati,*** 585 F.2d 190, 192 (6th Cir. 1978)).

Where multiple claims share a common factual background, they should be considered a single "claim" for purposes of Rule 54(b), "[e]ven though different theories of liability may have been asserted." ***McIntyre***, 585 F.2d at 192. Thus, where two theories of liability or two types of damages are sought arising from a single transaction, neither claim will be final until both have been decided. *See **Daleure v. Kentucky***, 269 F.3d 540, 543 (6th Cir. 2001) (single claim where different theories of damages asserted for same underlying injury based on same operative facts); ***McIntyre,*** 585 F.2d at 192 ("state claim alleged under Count IV is upon a separate legal theory of fraudulent conveyance does not affect the non-finality of the judgment as it relates to the federal securities law claim embodied in the count"). It is not, however, enough that the claims share a common, general factual background. *See **GenCorp, Inc. v. Olin Corp.,*** 390 F.3d 433, 442 (6th Cir. 2004) (even though both claims arose as a result of TDI's disposal of hazardous waste, Olin's contribution claim under CERCLA and GenCorp's breach of contract claim were separate).

As discussed in more detail below, the claims raised by the plaintiff in this adversary are separate, alternative claims for relief. While the general facts are common to all of the plaintiff's alternative theories of relief, the required proof for each is distinct.

## 2. REASON FOR DELAY

The purpose of Rule 54(b) is "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." ***Solomon v. Aetna Life Ins. Co.***, 782 F.2d 58, 60 (6th Cir. 1986). In determining whether there is no just reason for delay, the Court must consider "judicial administrative interests as well as the equities involved." ***Curtis-Wright Corp. v. Gen. Elec. Co.,*** 445 U.S. 1, 8. Courts have identified several factors to be considered in striking such a balance:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

***Corrosioneering, Inc. v. The Cont'l Ins. Co.,*** 807 F.2d 1279, 1283 (6th Cir. 1986) (citation omitted). *See also **Lowery v. Fed. Express Co.,*** 426 F.3d 817, 822 (6th Cir. 2005).

In the instant case, the issue decided on summary judgment is separate and distinct from the other issues raised in the plaintiff's complaint. The complaint raised issues of dischargeability pursuant to 11 U.S.C. §§ 523(a)(5), 523(a)(15), and 523(a)(2)(A), and whether the debtor should be denied a discharge pursuant to 11 U.S.C. § 727. The Court ruled that the debt owed to the plaintiff was nondischargeable under 11 U.S.C. § 523(a)(15) after finding that, as a matter of law, the debt was a modification of the Marital Dissolution Agreement rather than an independent contract.[3]

The Court did not grant summary judgment on the plaintiff's claim of fraud under 11 U.S.C. § 523(a)(2)(A). While this claim involves the same damages, it requires a showing that the debtor obtained the plaintiff's interest in the family business by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). In other words, the facts necessary to establish this claim do not include a finding that the written agreement was a modification of the Marital Dissolution Agreement.

The same is true for the plaintiff's claim that the debtor should not receive a discharge pursuant to 11 U.S.C. § 727. An action under 11 U.S.C. § 727 is a different claim providing different relief from those asserted under 11 U.S.C. § 523. And in the present case, while

---

[3] The Court noted in its ruling that the collective effect of the Bankruptcy Abuse Protection and Consumer Protection Act amendments to 11 U.S.C. §§ 523(a)(5) and (a)(15) in Chapter 7 cases was to eliminate the distinctions between "support and maintenance" and "property settlement" in that all debts arising from a divorce decree are nondischargeable. *See Golio v. Golio (In re Golio),* 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008).

the 11 U.S.C. §§ 727 and 523 facts may overlap, the allegations under 11 U.S.C. § 727 are focused on alleged misrepresentations and/or omissions in the debtor's statements and schedules. Therefore, the Court finds that the issues are readily distinguishable and separate.

In addition, allowing an interlocutory appeal is in the best interest of judicial economy. As a practical matter, the plaintiff won on summary judgment, and a trial on the remaining issues would require potentially unnecessary litigation and expense that will neither increase nor decrease the amount of the plaintiff's claim. If this Court's granting of summary judgment is affirmed on appeal, the other issues will become moot and no further litigation will be necessary in this Court. If this Court's granting of summary judgment is reversed on appeal, the Court will be able to hold one trial that would address all of the plaintiff's claims then remaining.

### III. CONCLUSION

Accordingly, the Court finds that the debtor's motion to certify an interlocutory appeal of the Memorandum Opinion and Judgment, entered on May 28, 2009, should be granted.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

8 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:08-ap-00204    Doc 95    Filed 09/22/09    Entered 09/22/09 15:55:55    Desc Main Document    Page 8 of 8